UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

INVISIBLE FENCE, INC., )
)
Plaintiff, )
)
v. ) Civil Action No. 3:11-cv-00008
)
SUNWARD ELECTRONICS, INC., ) Judge Phillips
) Magistrate Judge Guyton
Defendant. )
)

## CONSENT DECREE

### I. BACKGROUND

On January 12, 2011, plaintiff, Invisible Fence, Inc. ("Plaintiff" or "Invisible Fence"), instituted this civil action against defendant, Sunward Electronics, Inc. ("Defendant" or "Dog Guard"), asserting claims against Dog Guard for infringement of the trademarks "INVISIBLE®," "INVISIBLE FENCE®," "INVISIBLE FENCING®," and "INVISIBLE BARRIER®" (collectively referred to herein as "the Invisible Fence Marks") in violation of 15 U.S.C. § 1114 and the common law, unfair competition in violation 15 U.S.C. § 1125(a) and the common law, and trademark dilution in violation of 15 U.S.C. § 1125(c). Dog Guard filed an Answer and Counterclaim herein generally denying the allegations of Invisible Fence, denying that Dog Guard is liable for the actions complained of by Invisible Fence, and seeking a declaratory judgment of non-infringement, no dilution, and invalidity and/or unenforceability of the Invisible Fence Marks and cancellation of Invisible Fence's trademark registrations. Invisible Fence and Dog Guard, represented by the attorneys listed below, have now agreed to the settlement of this action, and have entered into a SETTLEMENT AGREEMENT. Pursuant to the terms and

conditions of said SETTLEMENT AGREEMENT, Invisible Fence and Dog Guard request entry of this CONSENT DECREE.

Accordingly, the Court, being fully advised in the premises, ORDERS AND DECREES that:

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter and the parties in this case.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

## III. TRADEMARK OWNERSHIP

3. Invisible Fence is the owner of the trademarks "INVISIBLE," "INVISIBLE FENCE," and "INVISIBLE FENCING," each for use on and in connection with pet containment systems and components thereof, and U.S. Trademark Registration Nos. 1,765,230; 1,600,470; and 1,371,021 issued for said trademarks.

4. Invisible Fence is the owner of the trademark "INVISIBLE BARRIER" for use on and in connection with electrical wire for use with a transmitter and U.S. Trademark Registration No. 1,695,218 issued for said trademark.

## IV. NO ADMISSION OF LIABILITY

5. All parties agree and acknowledge that nothing in this Consent Decree, or the fact of execution hereof, shall be construed as an admission of any liability by either party with respect to any claims, counterclaims or proposed counterclaims in the District Court.

## V. STIPULATED DECREE

6. Immediately upon execution of this CONSENT DECREE, Dog Guard, any and all companies and businesses owned or controlled by Dog Guard, their successors, assigns and transferees, and their officers, directors, shareholders, owners, members, managers, employees,

2

agents, servants, and representatives, and all persons in active concert or participation with any one or more of them, are permanently enjoined from:

(a) all use of the Invisible Fence Marks, or any similar variations thereof, that causes confusion and/or is likely to cause confusion, including, without limitation, (i) use as a trademark, service mark, trade name, company name or business name that causes and/or is likely to cause confusion, or is likely to dilute the distinctive quality of said Invisible Fence Marks; (ii) use on the internet as a domain name, as a search engine keyword or adword, as metadata, in any sponsored search engine listings or other sponsored links, or in website text that causes and/or is likely to cause confusion, or is likely to dilute the distinctive quality of said Invisible Fence Marks; and/or (iii) use in any other electronic or print advertising, marketing or promotional materials for Dog Guard's goods, services or business activities that causes and/or is likely to cause confusion, or is likely to dilute the distinctive quality of said Invisible Fence Marks; Dog Guard shall not be responsible for terminating any Dynamic advertising of third parties that was not placed, authorized, or accepted by Dog Guard, or any listings of Adword resellers that were not either placed, authorized, or accepted by Dog Guard, or any listings of Adword resellers that were not either placed, authorized, or accepted by Dog Guard, and the failure to terminate such uses shall not be a breach of this Agreement

(b) otherwise infringing the Invisible Fence Marks;

(c) using in commerce any word(s), term(s), name(s), symbol(s) or device(s), or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Dog Guard with Invisible Fence, or as to the origin, sponsorship, or approval of Dog Guard's goods, services or commercial

3

activities by Invisible Fence; (d) using in commerce any word(s), term(s), name(s), symbol(s) or device(s), or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which, in commercial advertising or promotion, misrepresents the nature, characteristics, qualities or origin of Invisible Fence's goods, services, or commercial activities;

(e) falsely passing off Dog Guard's goods or services as those of Invisible Fence;

(f) using the phrases "invisible fence," "invisible barrier," and/or "invisible fencing" in visible text on the internet, or in commercial advertising or promotion, except when referring to Invisible Fence or the goods or services of Invisible Fence, or diluting the distinctive quality of the Invisible Fence Marks; however

(g) Nothing in paragraphs 6(a)-6(f) prevents Dog Guard from using a search engine keyword or adword consisting of Invisible Fence Marks or using a search engine keyword or adword including the terms "invisible", "invisible fence", "invisible fencing", and/or "invisible barrier" so long as the search engine keyword or adword is not displayed in the text of Dog Guard's ad, sponsored link, or search engine sponsored listing, and such usage does not otherwise cause confusion, and/or the likelihood of confusion, and/or dilute the distinctive quality of the Invisible Fence Marks, and (1) Dog Guard's ad clearly indicates that Dog Guard is the source of the ad; and (2) Dog Guard's ad includes a prominent disclaimer on the landing page of the linked page in the ad that Dog Guard is not affiliated with Plaintiff. Nothing in paragraph 6(a)-6(f) prevents Dog Guard from placing Invisible Fence Marks in a disclaimer, indicating that Dog Guard is not affiliated with Invisible Fence. Nothing in paragraphs 6(a)-6(f) prevents Dog Guard from using Invisible Fence Marks to fairly and truthfully comparatively advertise Dog Guard's goods and/or Dog Guard's services. Nothing in paragraphs 6(a)-6(f)

4

prevents any other use not addressed in such paragraphs of Invisible Fence Marks or terms consisting of the terms "invisible", "invisible fence", "invisible fencing", and/or "invisible barrier" in whole or in part so long as such use does not cause, and/or is not likely to cause, confusion, and is not likely to dilute the distinctive quality of said any of the Invisible Fence Marks.

## VI. CONTINUING JURISDICTION

7. This Court shall retain jurisdiction over the Parties hereto for purposes of: (a) the enforcement of this CONSENT DECREE and the associated SETTLEMENT AGREEMENT; (b) resolution of any disputes arising therefrom or associated therewith; and (c) any further litigation involving the issues raised in Invisible Fence's Complaint filed herein.

## VII. ATTORNEY FEES AND COSTS

8. Each Party shall bear its own attorney fees, costs, and expenses incurred in connection with, and relating to, this civil action and the resolution thereof.

## VIII. DISMISSAL OF ACTION

9. Except as otherwise indicated above, this case is dismissed with prejudice.

SO ORDERED THIS 6th DAY OF JUNE, 2013

Thomas W. Phillips
UNITED STATES DISTRICT COURT JUDGE

CONSENTED TO:

INVISIBLE FENCE, INC.

By: _____
Lance Tracy, Secretary
Printed Name & Title

Date: 5/2/2013

APPROVED AS TO FORM:

By: _____
R. Bradford Brittian (BPR # 7130)
MERCHANT & GOULD
110 Tyson Boulevard
Suite 203
Alcoa, TN 37707
Telephone: (865) 380-5979
Fax: (865) 380-5999
Attorneys for Plaintiff

SUNWARD ELECTRONICS, INC.

By: _____
Printed Name & Title

Date: May 16 2013

By: _____
Amy J. Everhart          Everhart Law Firm PLC
Attorney at Law          1400 Fifth Avenue North
P.O. Box 58174
Nashville, TN 37205      Nashville, TN 37208
Telephone: (615) 386-7022 (615) 800-8919
Fax: (866) 727-7542      (615) 800-8918
Attorney for Defendant

6